**Edith L. MORGAN, et al., Appellants,**

v.

**GENERAL MOTORS CORPORATION, Respondent.**

**No. WD 64757.**

Missouri Court of Appeals,
Western District.

Dec. 26, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 30, 2007.

Application for Transfer Denied
March 20, 2007.

Gary C. Robb, Anita Porte Robb and Amy Bauman, Kansas City, MO, Michael J. Piuze, Los Angeles, CA, for appellants.

John W. Cowden, Kansas City, MO, John T. Hickey, Jr., Brian D. Sieve, Terrence J. Dee, Chicago, IL, for respondent.

Before PRICE, Sp.J., Presiding, SMITH, C.J., and HARDWICK, J.

### Order

PER CURIAM.

Edith Morgan, Jennifer Bunyan, Dee Dee Kay Pierce, Kelly Harmon, Terri Kendall, and Terrye Jenkins appeal from the judgment of the Circuit Court of Jackson County for the respondent, General Motors, on their wrongful death claims for damages for the death of Derrick V. Thomas (Thomas), Morgan's son. Morgan sued in her individual capacity and as co-personal representative of Thomas' estate. The remaining appellants, the mothers of the surviving minor children of Thomas, sued as next friends for the children. The appellants' claims arose out of the death of Thomas on February 8, 2000, resulting from the injuries he sustained in a one-vehicle accident on January 23, 2000, in which the vehicle he was driving, a 1999 Chevrolet Suburban, rolled over several times, crushing the roof of the vehicle and ejecting him. The appellants' fourth amended petition, brought pursuant to Section 537.080, alleged three counts of product liability: Count I for strict liability, alleging defective design of the 1999 Suburban; Count II for strict liability, alleging sale, supply, and distribution of a defective product, the 1999 Suburban; and Count III for negligence, alleging negligent design of the 1999 Suburban. In the appellants' sole point on appeal, they claim that the trial court erred in overruling their *Batson* objections to four peremptory strikes by the respondent of African–American venirepersons, because the respondent failed to provide race-neutral reasons for the strikes, and even if it did, they were pretextual, "in that similarly situated members of the venire were not struck and there was no logical relevance between the explanations for the strikes and the case."

Affirmed. Rule 84.16(b).